**SIGNED this 27 day of October, 2009.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____


**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Luis H. Rivas** | ) | **No. 08-12333** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **W. Grey Steed** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 09-1055** |
| | ) | |
| **Steve Buckalew** | ) | |
| | ) | |
| **Defendant** | ) | |

### MEMORANDUM

This proceeding is before the court on the defendant's motion to quash service of process and defendant's motion requesting a transfer of venue. The plaintiff filed responses in opposition

1

to both motions. The parties requested that the court decide the motions based on the record without a hearing. Having reviewed the motions and the relevant documents submitted by both parties, the Court concludes that the defendant's motions should be denied.

**I.**

The complaint alleges that the debtor, Luis Rivas, traveled to Panama City Beach, Bay County, Florida, where he transferred $178,100 to the defendant between March 27, 2008, and April 2, 2008, within 90 days of the filing of the petition commencing the debtor's bankruptcy case. These funds were monies that the debtor allegedly received from an illegal Ponzi scheme, and a portion of the money allegedly was paid to the defendant for the purchase of a limousine, furniture, and the rental of a home. The complaint further alleges that while in Florida the debtor decorated his rental home with antique furniture and artwork that he had purchased with Ponzi scheme funds. Also, the complaint alleges that the debtor purchased two Yamaha jet skis with Ponzi scheme funds. After the debtor left Florida in late April or early May 2008, he left the limousine, furniture, artwork, and jet skis in Florida, and these items allegedly have been observed in the possession of the defendant.

An involuntary chapter 7 petition was filed against the Debtor on May 15, 2008, and an order for relief was entered on June 10, 2008. On April 13, 2009, the trustee brought this adversary proceeding, seeking to avoid the $178,100 transfers as preferences and to force the turnover of other property allegedly in the defendant's possession. The complaint also alleges that the defendant is liable for the conversion of the furniture, artwork, or limousine.

## II.

### A.

Turning first to the defendant's motion to quash service of process, the defendant makes two interrelated arguments that this Court lacks jurisdiction over him: (1) service was deficient; and (2) personal jurisdiction is absent. Neither contention has merit.

Under Federal Rule of Bankruptcy Procedure 7004(f), proper service "is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code" so long as such jurisdiction comports with "the Constitution and laws of the United States." In essence, personal jurisdiction is a three-part test, requiring (1) proper service, (2) subject matter jurisdiction, and (3) consistency with other legal limits on the exercise of jurisdiction. *See Tipton v. Adkins (In re Tipton)*, 257 B.R. 865, 870 (E.D. Tenn. 2000). All three elements are met here.

First, service was proper. The defendant complains that the trustee's service by first class mail was insufficient for failure to comply with Florida procedural rules. But it is the Federal Rules of Bankruptcy Procedure that control, Fed. R. Bankr. P. 1001, and they explicitly permit such service, Fed. R. Bankr. P. 7004(b).

Second, it is undisputed that this court has subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334.

Third, the exercise of personal jurisdiction over the defendant is consistent with "the Constitution and laws of the United States." Fed. R. Bankr. P. 7004(f). The defendant argues that personal jurisdiction would be inconsistent with both Federal Rule of Civil Procedure 4(k)(2) and the "minimum contacts" standard of the Fourteenth Amendment as set out in *International Shoe Co.*

*v. Washington*, 326 U.S. 310 (1945). But neither of these rules applies. First, in contrast to Federal Rule of Civil Procedure 4(k)(2), Federal Rule of Bankruptcy Procedure 7004(d) permits *nationwide* service of process. Thus, Rule 4(k)(2) is simply not relevant. Second, where nationwide service of process is authorized for a federal statute, due process is analyzed under the Fifth Amendment and "the strictures of *International Shoe* do not apply." *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 824-26 (6th Cir. 1981). In applying the Fifth Amendment to personal jurisdiction in a "federal question" case, the courts look at whether the defendant had minimum contacts with the United States as a whole, not the defendant's contacts with the state in which the federal court sits. *See, e.g., Warfield v. KR Entm't Inc. (In re Fed. Fountain, Inc.)*, 165 F.3d 600, 601-02 (8th Cir. 1999) (en banc) (unanimously holding that national contacts test applied with respect to Rule 7004(d)). The Sixth Circuit has adopted this approach in several cases, *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 566-68 (6th Cir. 2001) (ERISA); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1329-1330 (6th Cir. 1993) (Securities and Exchange Act of 1934), including the closely analogous context of receivership proceedings, *Haile*, 657 F.2d at 822-26 (federal equity receiver). Thus, the court must apply a "national contacts" test to determine if service of process satisfies "due process" concerns. *Tipton*, 257 B.R. at 871-73 (Rule 7004(d)). Where, as here, the defendant is a United States resident, that test is indisputably met. *See, e.g., deSoto*, 245 F.3d at 568; *Airport Boulevard Apartments, Ltd. v. NE 40 Partners, Ltd. P'ship (In re NE 40 Partners, Ltd.)*, 411 B.R. 352, 359 (Bankr. S.D. Tex. 2009); *Tipton*, 257 B.R. at 873. Therefore, this Court has personal jurisdiction over the defendant. Accordingly, the defendant's motion to quash service of process will be denied.

**B.**

The defendant also moves for a transfer of venue. Federal Rule of Bankruptcy Procedure 7087 provides that "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412." Section 1412, in turn, states that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The burden of showing that a transfer is proper rests with the movant. *In re Gurley*, 215 B.R. 703, 708-09 (Bankr. W.D. Tenn. 1997).[1]

The defendant has filed an affidavit in support of his motion to transfer venue. According to the defendant's affidavit, the jet skis, furniture, and rental home are all in Bay County, Florida, all of the relevant documents were executed and all of the relevant transactions occurred in Bay County, Florida, and all of the witnesses who have knowledge of the limousine transaction reside in Bay County, Florida (except for the debtor, who is incarcerated). The affidavit also states that the defendant resides in Bay County, Florida. No list of witnesses is provided in the affidavit.

The plaintiff filed two affidavits in opposition to the motion to transfer venue: an affidavit by the debtor and an affidavit by the plaintiff. These two affidavits list nine individuals who are potential witnesses living in or near Chattanooga who witnessed the Florida dealings between the debtor and the defendant which are the subject of the allegations of the plaintiff's complaint.

---

[1] The plaintiff analyzes the transfer question under 28 U.S.C. § 1412, whereas the defendant relies on 28 U.S.C. § 1404(a). Although differences exist between the two transfer provisions, they are broadly similar and the result in this case is the same under either statute. The defendant also references § 1406, but he has not explained why venue is improper so the court need not discuss that provision.

Numerous factors have been applied to determine the propriety of a transfer, whether under § 1404 or § 1412, including the following:

> (1) convenience of witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-cv-243, 2009 WL 703384, at *3 (E.D. Tenn. Mar. 16, 2009); *see also HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemmerz Int'l Inc.)*, 312 B.R. 44, 46 (Bankr. D. Del. 2004) (applying similar twelve-factor analysis in § 1412 context); *Gurley*, 215 B.R. at 709 (listing factors for transfer of a bankruptcy "case"). Of these factors, five are noted by the parties.

The defendant relies most heavily on the first factor: the convenience of the witnesses. According to his affidavit, the witnesses to the limousine transaction all reside in Florida. The affidavit, however, fails to name any witness or explain the significance of any witness's testimony. Hence, the affidavit is insufficient to support a transfer request based on convenience of the witnesses. Indeed, "[i]f the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied." 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3853 (3d ed. 2009). The defendant tries to bolster his position by listing several witnesses by name and asserting that each, having lost money in dealings with Rivas, cannot afford to travel to Tennessee. But the defendant merely asserts

these propositions in his brief; he has not introduced any supporting evidence nor has he shown the significance of any witness's testimony. *See IFL Group Inc. v. World Wide Flight Serv., Inc.*, 306 F. Supp. 2d 709, 714 (E.D. Mich. 2004) (noting, in transfer context, that "[m]ere assertions or speculation, without evidence, are insufficient"); *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002). The plaintiff's affidavits list nine potential witnesses who live in or near Chattanooga, and the affidavits state that these individuals witnessed the dealings between the debtor and the defendant. Although the affidavits fail to state the substance of the testimony of these witnesses, the ultimate burden of proof that the convenience of witnesses would best be served by a transfer of venue to Florida rests with the defendant. Based on the record here, the defendant has failed to carry his burden of proof on this issue.

The defendant also states in his affidavit that all of the documents were executed in Florida. To the extent he intends to suggest that the documents still remain there (thereby implicating factor three), his argument must be rejected. The defendant has neither identified the importance of any particular documents nor explained why they could not be copied, faxed, emailed, or otherwise transported with ease. 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3853 (3d ed. 2009) ("the moving party must establish the location of the documents in question, their importance to the resolution of the case, and their inability to be moved or effectively copied easily"); *see also Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London*, 940 F. Supp. 528, 537-38 (S.D.N.Y. 1996) ("in light of technological advances in transportation and communication, this Court recognizes that the location of documents is a factor which is to be given less weight"), *aff'd*, 147 F.3d 118 (2d Cir. 1998). Accordingly, this factor will not be considered.

Factor six, regarding the location of the events underlying the cause of action, tips slightly in favor of the defendant, since the alleged preferences occurred in Florida and the property may still be located there.[2] However, this factor must be discounted because any documents relating to the alleged preferential transfers or any items of personal property or proceeds from their sale can easily be transported to this forum. *See HLI Creditor Trust*, 312 B.R. at 46.

The eighth factor concerns the deference accorded to the plaintiff's choice of forum. Ordinarily, the level of deference is quite high. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 365 (6th Cir. 2008) (citing *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1050 (S.D. Ohio 2002) ("the Plaintiff's choice of forum should be given substantial weight"). Since nothing suggests that such deference is inappropriate here, this factor weighs heavily against the transfer.

Finally, the plaintiff points to administrative efficiency and judicial economy, both of which generally correlate with factor nine: "trial efficiency, fairness, and the interests of justice based on the totality of the circumstances." *Dorsey*, 2009 WL 703384, at *3. The trustee notes that similar preference actions are being asserted against others in the debtor's bankruptcy case and that this court is already familiar with the underlying issues. It is certainly preferable to have one judicial forum determine these proceedings in a prompt, efficient manner at one place rather than have the bankruptcy trustee, at considerable expense to the estate, travel to other states to resolve these proceedings.

---

[2] It is unclear whether some of the personal property has been sold.

In light of the deference due to the plaintiff's choice of forum, the location of the witnesses, and considerations touching on judicial economy and administrative efficiency, the balance of factors militates against a transfer. Therefore, the defendant's motion to transfer will be denied.

### III.

For the foregoing reasons, the court will enter a separate order denying the defendant's motions to quash service of process and to transfer venue.

###